**Thomas E. CLEM and Rebecca J. Clem**

v.

**Michael ERLBAUM and Elisabeth Erlbaum.**

**Civ. A. No. 83–0772.**

United States District Court,
E.D. Pennsylvania.

May 17, 1984.

Thomas A. Masterson, Morgan, Lewis & Bockius, Philadelphia, Pa., for plaintiffs.

Allan D. Windt, Spector, Cohen, Gadon & Rosen, Philadelphia, Pa., for defendants.

## MEMORANDUM

LUONGO, Chief Judge.

This case arises from the breach of Agreements of Sale for several parcels of real estate. On April 18, 1984, I heard argument on plaintiffs' Motion *In Limine* to exclude testimony of alleged communications during compromise negotiations and I granted plaintiffs' motion.

Currently before me is defendants' Motion to Certify the order granting plaintiffs' motion as a final judgment pursuant to Fed.R.Civ.P. 54(b).[1] Defendants maintain that the exclusion of this evidence has the effect of precluding recovery on their counterclaim.

■ While evidentiary rulings may appear to counsel to be determinative of the case outcome, the federal policy against piecemeal litigation prevents me from acting on this subjective view. My Order of

---

1. Fed.R.Civ.P. 54(b).

Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon express determination that there is no just reason for delay and upon an express direction for the entry of judg-

ment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

April 18 was an interlocutory ruling on evidence, not a final judgment on a distinctly separate claim. It may not be certified under Rule 54(b).

■ Although I have not been requested to do so, I have also considered whether I may or should certify the issue involved in plaintiffs' Motion *In Limine* for appeal pursuant to 28 U.S.C. § 1292(b).[2] I conclude that such certification would be inappropriate for two reasons. First, I do not believe there is substantial ground for difference of opinion on the issue involved in the Motion *In Limine.* Second, and more weighty, rather than advance the ultimate termination of litigation, the certification of this issue would delay ultimate termination. This case is ready for trial and awaits only the disposition of this motion to be scheduled.

I will deny defendant's Motion for Certification and move this case promptly to trial. In the event that the outcome of that trial is unfavorable to defendants, they will be able to appeal all the issues involved at one time rather than in a piecemeal fashion.

**2.** 28 U.S.C. § 1292(b).

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order. June 25, 1948, c. 646, 62 Stat. 929; Oct. 31, 1951, c. 655, § 49, 65 Stat. 726; July 7, 1958, Pub.L. 85–508, § 12(e), 72 Stat. 348; Sept. 2, 1958, Pub.L. 85–919, 72 Stat. 1770.